Thomas M. Barron (TB 7489)
BARRON, BAKER & POSTERNOCK, LLP
400 N. Church Street, Suite 250
Moorestown, New Jersey 08057
Tel: (856) 642-6445  Fax: (856) 642-6148
tbarron@barpostlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WADELL S. DOCKERY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POOL ENTERPRISES, INC.<br>d/b/a RECREATIONAL MANAGEMENT<br>SERVICES,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

## I.  PARTIES

1. Plaintiff Wadell S. Dockery is a citizen and resident of the State and District of New Jersey residing at 112 Manor Court, Runnemede, Camden County, New Jersey 08078.

2. Defendant American Pool Enterprises, Inc. is a corporation that is a citizen and of the Commonwealth of Maryland and the Eastern District of Maryland with a headquarters located at 11408 Cronridge Drive, Suite G, Owings Mills, Maryland 21117. It does business in the State and District of New Jersey as Recreational Management Services, 420 Kelly Drive, Suite C, Berlin, Camden County, New Jersey 08091.

## II.  JURISDICTION AND VENUE

3. The court has jurisdiction over this matter based upon a federal question, 28 U.S.C. § 1331 and pursuant to 29 U.S.C. §216(b).

4. This matter is properly venued in this court pursuant to 28 U.S.C. §1391.

### III. STATEMENT OF FACTS

5. In 2000 plaintiff, Wadell S. Dockery ("Dockery") became an employee of defendant American Pool Enterprises, Inc. d/b/a Recreational Management Services ("APE").

6. At all times related to this action, plaintiff was employed by APE as a crew chief or supervisor who supervised and worked with employees who were assigned to construct, maintain and repair outdoor swimming pools and related recreational facilities and structures.

7. At all times related to this action, plaintiff was deemed and treated as a salaried employee and was not compensated for working more than 40 hours in a one week pay period.

8. Most recently, plaintiff was given the title of "service director". In 2004 plaintiff's annual salary was $49,000.00. In 2005 and 2006 his salary was $54,000.00 per year.

9. During the months of April and May of each year plaintiff and his crew members would work seven days a week and well over 40 hours per week. During the months of June through September, plaintiff and his crew would work six days a week and well over 40 hours per week.

10. Defendant American Pool Enterprises, Inc. d/b/a Recreational Management Services ("APE") is an enterprise engaged in commerce which employs more than two employees who are engaged in commerce and which has sales or revenue in excess of $500,000.00 per year.

11. Defendant APE is a business that is (a) engaged in related business activities, (b) is a unified operation under common control, and (c) has a common business purpose.

12. Plaintiff's primary duty was not the management of the enterprise or of a customarily recognized department or subdivision of APE. In his capacity as "service director" plaintiff did not:

    a. interview, select or train employees;

  b. set or adjust employees rates of pay and hours of work;

  c. direct the work of employees other than those on his crew;

  d. maintain production or sales records for use in supervision and control

  e. appraise employee's productivity and efficiency for the purpose of recommending promotions or other changes in status;

  f. handle employee complaints and grievances;

  g. disciplining employee;

  h. planning the work;

  i. determining the techniques to be used;

  j. apportioning work among employees;

  k. determining the type of materials, supplies, machinery, equipment or tools to be used;

  l. control the flow and distribution of materials merchandise and supplies;

  m. provide for the safety and security of the employees or the property;

  n. planning and controlling the budget; and

  o. monitoring or implementing legal compliance measures.

13. Plaintiff's primary duty did not include the performance of office work on non-manual labor directly related to the management or general business operations of the defendant employer or its customers.

14. Plaintiff did not possess as part of his primary duties discretion and independent judgment in matters of significance.

15. In the calendar year 2005 plaintiff worked 200 hours in excess of forty hours per work week and was not compensated for this time at the overtime rate provided by law. The value of this overtime compensation is $26,013.92.

16. In the calendar year 2006 plaintiff worked 176 hours in excess of forty hours per week and was not compensated for this time at the overtime rate provided by law. The value of this overtime compensation is $23,599.46.

### IV. CAUSES OF ACTION

### FIRST COUNT
### FLSA VIOLATION

17. The defendant's failure to pay plaintiff overtime pay for his hours worked in excess of 40 hours per week violated the provisions of 29 U.S.C. §207.

18. Plaintiff is not an exempt employee as defined by 29 U.S.C. § 213(a)(1) or (3).

19. The failure of the defendant employer to pay plaintiff overtime as provided by law was willful.

**WHEREFORE,** plaintiff Wadell Dockery demands judgment against the defendant, American Pool Services, Inc. d/b/a Recreation Management Services for damages in the amount of $49,613.38, liquidated damages as provided by law, interest as provided by law, reasonable attorney's fees and costs of suit.

### SECOND COUNT
### NEW JERSEY WAGE AND HOUR LAW VIOLATION

20. Plaintiff repeats and incorporates the allegations contained in Paragraphs 1 through 19 as if set forth in full herein.

21. The failure of the defendant employer to pay plaintiff overtime compensation for hours worked in excess of 40 hours per work week violated the provisions of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a25.

**WHEREFORE,** plaintiff Wadell Dockery demands judgment against the defendant, American Pool Services, Inc. d/b/a Recreation Management Services for damages in the amount of $49,613.38, interest as provided by law, reasonable attorney's fees and costs of suit.

> **Barron, Baker and Posternock, L.L.P.**
> **Attorneys for Plaintiff, Wadell Dockery**
>
> **By:** _/s/Thomas M. Barron (TB7489)_
> **Thomas M. Barron (TB 7489)**

Dated: January 29, 2007

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Thomas M. Barron, Esquire is hereby designated as trial counsel for the firm.

## CERTIFICATION OF RELATED ACTIONS

I hereby certify that there are no other actions, arbitrations or proceedings pending or anticipated between the parties to this action involving the claims and issues asserted herein and that all necessary parties have been joined in this matter.

> _/s/Thomas M. Barron (TB7489)_
> Thomas M. Barron (TB 7489)

Dated: January 29, 2007